PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ISRAEL CARL ISBELL, | ) |
| Plaintiff, | ) CASE NO. 4:18CV1738 |
| v. | ) JUDGE BENITA Y. PEARSON |
| CHUCK CRISSMAN, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |

*Pro se* Plaintiff Israel Carl Isbell filed this *Bivens*[1] action against former FCI Elkton Counselor Chuck Crissman and FCI Warden Steve Merlak. In the Complaint, Plaintiff alleges he was disciplined and assigned to a different prison job in retaliation for attempting to represent another inmate in a disciplinary matter. He seeks monetary relief and expungement of his disciplinary report.

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff is a federal inmate incarcerated at FCI Elkton. He alleges that in October 2017, Inmate Kurt Jones received a conduct report which was referred to the Disciplinary Hearing Officer ("DHO") by Crissman. ECF No. 1 at PageID #: 3. Plaintiff contends he had previously advised Jones to request Lieutenant Young as his staff representative for the hearing. ECF No. 1-3 at PageID #: 18. Jones later reported that he followed Plaintiff's advice and made the request,

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:18CV1738)

but Crissman denied the request. *Id.* The following morning, Plaintiff went to Crissman's office claiming to be acting as an inmate advocate for Jones. *Id.* Plaintiff demanded that Jones be appointed the staff member of his choice. *Id.* Crissman ordered Plaintiff to leave his office, informing Plaintiff that Crissman could not discuss Jones's case with another inmate. ECF No. 1-7 at PageID #: 28. Plaintiff refused to leave. *Id.* He was asked two additional times to leave the office but did not comply, choosing instead to continue arguing with Crissman. *Id.* Plaintiff avers Crissman threatened him with disciplinary action and reassignment of his prison job to the maintenance department if he did not leave. ECF No. 1 at PageID #: 4. Finally, Crissman ordered Plaintiff to vacate his office. ECF No. 1-7 at PageID #: 28. Plaintiff complied by stepping just outside the open office door, but persisted in his efforts to engage Crissman in debate over Jones's case while standing in the hallway. ECF No. 1 at PageID #: 4. Crissman got up from his desk and closed the door. ECF No. 1-7 at PageID #: 28. Plaintiff contends Crissman followed through with disciplinary charges and a change in Plaintiff's prison job assignment. ECF No. 1 at PageID #: 4. Plaintiff asserts Crissman retaliated against him for exercising his constitutional right to represent other inmates. *Id.*

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.

2

1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the

(4:18CV1738)

reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  Analysis

Plaintiff claims Crissman retaliated against him for exercising his right to represent another inmate in a disciplinary hearing matter. Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation prohibited by the First Amendment, a plaintiff must establish that (1) he engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff fails to show he was engaged in conduct protected by the First Amendment. Although prisoners are entitled to receive assistance from jailhouse lawyers where no reasonable alternatives are present to provide them with access to the courts, there is no corresponding right for an inmate to be a jailhouse lawyer or to act in a representative capacity for another inmate. *Id.* at 395. Rather, a "jailhouse lawyer's" right to assist another prisoner is entirely dependent on the other prisoner's right of access to the courts. *Id.* Plaintiff can only state a claim for retaliation if his assistance was necessary for Jones to exercise his right of access to the courts. *Id.* Jones, however, did not have a right to access to courts that was implicated by the disciplinary proceeding. The First Amendment right of access to the courts extends only to direct appeals, habeas corpus applications, and civil rights actions. *Id.* at 391; *see Lewis v. Casey,* 518

4

(4:18CV1738)

U.S. 343, 354-55 (1996). It does not extend to prison disciplinary hearings. *See Lewis*, 518 U.S. at 355; *Thaddeus-X,* 175 F.3d at 391. Crissman's refusal to discuss Jones' disciplinary action and his removal of Plaintiff from his office did not interfere with Jones's right of access to the courts. Accordingly, Plaintiff was not engaged in protected conduct by acting as Jones's advocate.

Furthermore, Plaintiff does not have a constitutional right to argue with a prison staff member or to refuse to obey orders. Prisoners do not have a constitutional right to be disrespectful, insolent, or to behave toward correctional staff in a manner that violates prison disciplinary regulations. *Thaddeus-X,* 175 F.3d at 395. Plaintiff's continued arguing and refusing to leave Crissman's office when ordered to do so is not conduct protected by the First Amendment.

Finally, Plaintiff indicates he is bringing claims against Warden Merlak in his official capacity. *Bivens* provides a cause of action against federal officers in their individual capacities who are alleged to have acted unconstitutionally. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). It does not support an action against the United States Government, any of its agencies, or any of its officers sued in their official capacities. *Id.*; *see Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 484-86 (1994).

(4:18CV1738)

## IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


 December 7, 2018                        */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                           United States District Judge